IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PAT ARMIGER,

    Plaintiff,

  v.

KIEWIT CONSTRUCTION COMPANY, a corporation, KIEWIT PACIFIC COMPANY, a corporation, LONNIE MORELOCK, an individual, DOE ONE through ONE HUNDRED, inclusive,

    Defendants.

 /

No. C 10-00271 WHA

**ORDER DENYING MOTION TO REMAND AND FOR ATTORNEY'S FEES, AND VACATING HEARING**

### INTRODUCTION

In this labor dispute involving the construction of Devil's Slide tunnel, soon to be the longest road tunnel in California, plaintiff Pat Armiger moves to remand this action to state court. Armiger also seeks attorney's fees for the allegedly baseless removal. Defendants oppose these motions, asserting that plaintiff's state-law claim for violation of Section 2807 of the California Labor Code is completely preempted by ERISA, and therefore removal was proper. For the reasons set forth below, plaintiff's motions must be **DENIED**.

### STATEMENT

Plaintiff Pat Armiger is a Virginia miner. The eight state-law claims alleged in this dispute involve various events leading up to, during, and immediately following his employment

with defendants Kiewit Construction Company and Kiewit Pacific Company. Armiger was hired by defendants in 2007 to assist in the construction of the Devil's Slide tunnel, currently being built along the California coast.

The instant motion, however, is limited to a single question: whether plaintiff's claim for violation of California Labor Code Section 2807 is subject to complete preemption under Section 502(a) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. 1132 (Br. 6; Opp. 1). If so, then removal was proper. If not, both parties agree that the action must be remanded.

Section 2807 of the California Labor Code sets forth the following (emphasis added):

> **§ 2807. Notification to former employees of availability of continued medical, surgical, or hospital benefits**
>
> (a) All employers, whether private or public, shall provide notification to former employees, *along with the notification required by federal law pursuant to the Consolidated Omnibus Budget Reconciliation Act of 1985 (Public Law 99-272)*, of the availability of continued coverage for medical, surgical, or hospital benefits, a standardized written description of the Health Insurance Premium Program established by the State Department of Health Services pursuant to Section 120835 of the Health and Safety Code and Section 14124.91 of the Welfare and Institutions Code. The employer shall utilize the standardized written description prepared by the State Department of Health Services pursuant to subdivision (b).
>
> (b) The State Department of Health Services shall prepare and make available, on request, a standardized written description of the Health Insurance Premium Program, at cost.

On January 12, 2010, plaintiff filed his first amended complaint in San Mateo Superior Court pursuant to stipulation between the parties (Dkt. No. 1, Exh. C). The stipulation, however, did not bind defendants from removing the action to federal court (*ibid.*). The amended complaint added an eighth claim containing the following allegations (Compl. ¶¶ 43–46) (emphasis added):

> **EIGHTH CAUSE OF ACTION**
> (Violation of Statutes - 2807 Lab.Code)
>
> \*     \*     \*
>
> 44. After Defendants . . . terminated Plaintiff's employment as set forth above, Defendant *failed to provide Plaintiff with notice of his rights* under section 2807 of the California Labor Code.
>
> 45. As a direct and proximate result of said Defendants' actions Plaintiff has:

|   |   |   |
|---|---|---|
| A. | Been damaged in an amount *equal to the insurance and insurance benefits he would have received had he been notified*; |
| B. | Been damaged by being unable to provide insurance coverage for his family; |
| C. | Suffered loss his insurance benefits [sic] including his physical, emotional and psychological well being. |

The complaint, however, provided no details as to what "notice" defendants failed to provide, what insurance or insurance benefits plaintiff "would have received," or whether plaintiff was a participant or beneficiary of a qualifying ERISA plan while employed with defendants.

## ANALYSIS

A state law claim may be subject to "complete preemption" or "conflict preemption" under ERISA. The difference between the two is critical to the issue of removal.

If a state law claim is subject to *complete* preemption under the civil enforcement provisions of ERISA Section 502(a), it may properly form the basis for removal under 28 U.S.C. 1441 and 28 U.S.C. 1331. *Marin General Hospital v. Modesto & Empire Traction Company*, 581 F.3d 941, 944–46 (9th Cir. 2009). If, however, only *conflict* preemption under Section 514(a) of ERISA exists, this is merely a federal *defense. Id.* at 949; 29 U.S.C. 1144(a) (the relevant provisions of ERISA "shall supersede any and all State laws insofar as they . . . relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b)"). In other words, conflict preemption — without more — "does not convert a state claim into an action arising under federal law," and removal on this basis would be improper. *Metropolitan Life Insurance Co. v. Taylor,* 481 U.S. 58, 64 (1987); *see also Marin General Hospital*, 582 F.3d at 945.

Defendants — as the removing party — carry the burden of proving that jurisdiction is proper. In other words, defendants carry the burden of showing that plaintiff's state-law claim under California Labor Code Section 2807 is subject to *complete* preemption under ERISA. *Harris v. Provident Life and Accident Ins. Co.*, 26 F.3d 930, 932 (9th Cir. 1994). This must be shown by a "preponderance of the evidence." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

3

In particular, defendants must prove that plaintiff's state-law claim under Section 2807 of the California Labor Code is encompassed in ERISA's civil enforcement scheme set forth in Section 502(a) of ERISA, by showing that: (1) plaintiff, "at some point in time, could have brought [the] claim under ERISA [Section 502(a)]," and (2) "there is no other independent legal duty that is implicated by [the] defendant[s'] actions." *Marin General Hospital*, 582 F.3d at 946 (quoting the two-pronged test used in *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004)).

### 1. PRONG ONE: ERISA SECTION 502(A)

The first requirement for complete preemption is whether plaintiff's claim could have been brought under Section 502(a) of ERISA. Section 502(a) provides (emphasis added):

> A civil action may be brought--
>
> (1) by a participant or beneficiary--
>
> (A) *for the relief provided for in subsection (c) of this section*, or
>
> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

29 U.S.C. 1132(a). Of particular importance to this issue, subsection (c) provides:

> (1) Any administrator . . . *who fails to meet the requirements of paragraph (1) or (4) of section 1166 of this title* . . . with respect to a participant or beneficiary . . . may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

29 U.S.C. 1132(c) (emphasis added).

Paragraphs (1) and (4) of 29 U.S.C. 1166, expressly mentioned in Section 502(c), were added to ERISA as part of the Consolidated Omnibus Budget Reconciliation Act of 1985, or "COBRA." COBRA amended ERISA to "require an employer who sponsors a group health plan to give the plan's 'qualified beneficiaries' the opportunity to elect 'continuation coverage' under the plan when the beneficiaries might otherwise lose coverage upon the occurrence of certain 'qualifying events,' including . . . *the termination of the covered employee's employment*." *Geissal v. Moore Medical Corporation*, 524 U.S. 71, 80–81 (1998) (emphasis added); *see also* 29 U.S.C. 1166(a)(4); 29 U.S.C. 1163(2). In other words, the COBRA amendments to ERISA

4

require plans to advise beneficiaries of their rights under COBRA (including the right to continued coverage) within a certain period of time after the associated covered employee has been terminated.[1]  29 U.S.C. 1166(a)(4).

Defendants argue that plaintiff's California Labor Code Section 2807 claim is subject to complete preemption because the claim seeks "damage[s] in an amount equal to the insurance and insurance benefits [plaintiff] would have received *had he been notified*" under Section 2807 (Dkt. No. 1 ¶ 7; Compl. ¶ 45(A)) (emphasis added).  To support their argument, defendants — in their notice of removal — included a "true and correct" copy of what is allegedly the "Health and Welfare Plan" established and maintained by Kiewit Pacific Company and Kiewit Construction Company for their employees (Dkt. No. 1, Exh. E).  *See* 28 U.S.C. 1446 ("If the case stated by the initial pleading is not removable, a notice of removal may be filed . . . through service or otherwise, of a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable[.]").  The plan is in writing and, by its terms, appears to be subject to ERISA (*see id*. at 121–23).  Notably, plaintiff does not dispute the authenticity of the plan produced by defendants, or that he was a participant in the plan.  By contrast, the arguments in plaintiff's brief indicate (and, in fact, presume) that he *was* a participant in defendants' ERISA plan (*see* Br. 6–7, arguing that plaintiff is no longer a "plan participant" in the plan at issue).  In other words, plaintiff does not rebut defendants' showing that they maintained an ERISA plan, and that plaintiff was a participant in the plan.  Rather, plaintiff's motion is entirely consistent with these factual assertions.

Defendants then point to the express language of Section 2807 of the California Labor Code, which places upon employers the duty to provide, in addition to notification about a state-sponsored health program, "the notification required by federal law pursuant to [COBRA]."  The complaint, however, does not allege whether defendants violated Section 2807 by failing to provide notice of continuing benefits under COBRA or by failing to provide notification of California's state-sponsored Health Insurance Premium Program (HIPP).  This is a crucial

---

[1] Under 29 U.S.C. 1166(a)(2), an employer has a duty to report most qualifying events, including the termination of employment, to its group health plan administrator within 30 days of the qualifying event.

5

distinction, because a claim based solely upon the violation of the *latter* notification requirement would defeat complete preemption — such a claim would not be actionable under Section 502(a) of ERISA.

Plaintiff's briefs, however, belie such a finding. As set forth in plaintiff's own reply brief, "[p]laintiff here is claiming that he was damaged by not being given notice of his rights *to continue and pay for his own insurance* as mandated by [S]ection 2807 of the California Labor Code, just as occurred in *Hansen* [*v. Blue Cross of California*, 891 F.2d 1394 (9th Cir. 1989)]" (Reply 5–6). In *Hansen*, the plaintiff received notice of her right to continue to pay for insurance coverage *under the COBRA provisions of her ERISA plan*. 891 F.2d at 1385–87. Moreover, the California HIPP program does *not* provide the right to continue insurance coverage provided under an ERISA plan. Rather, it is a program that helps certain qualifying individuals to pay for their insurance premiums if they elect to continue coverage. *See* Cal. Health & Safety Code § 120835. As such, plaintiff's own arguments have made it abundantly clear that his Section 2807 claim is grounded in defendants' failure to provide proper notice under the COBRA amendments to ERISA.

Since failure to provide such notice under COBRA is expressly encompassed by the civil enforcement provisions of Section 502(a), plaintiff's state-law claim under California Labor Code Section 2807 satisfies the first prong under *Davila*. 542 U.S. at 210.

None of plaintiff's arguments compel a different conclusion. *First*, plaintiff argues that since he was no longer a "plan participant" at the time of the alleged violation, he lacks standing to bring the claim under Section 502(a) of ERISA (Br. 6–7). This is unpersuasive. Section 502(a) expressly allows civil actions to be brought (and relief to be granted) when a plan's "qualified beneficiaries" are not given the opportunity to elect "continuation coverage" when the covered employee's employment is terminated. *See* 29 U.S.C. 1132(a), 1163(2), 1166(a)(4). This civil enforcement right would be *meaningless* if, as soon as the covered employee was terminated, the employee lacked the requisite standing to seek this relief. Indeed, this particular right *only arises* after termination of the plan participant from employment. As a former plan participant, plaintiff had standing after he was terminated as a "beneficiary" under Section 502(a)

to seek the relief expressly authorized for defendants' alleged failure to give proper notice under the COBRA provisions of ERISA.

*Second*, plaintiff argues that he is not seeking benefits under a covered plan (Br. 7; Reply 6). Rather, what he seeks are "damages" resulting from the alleged failure by defendants to give him "notice of his rights to continue and pay for his own insurance" (Reply 5–6). Regardless of the type of relief sought in the complaint, whether such relief is authorized under Section 502(a) has no bearing whatsoever on whether complete preemption applies. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 391 (1987); *see also Davila*, 542 U.S. at 214–216 ("Congress' intent to make the ERISA civil enforcement mechanism exclusive would be undermined if state causes of action that supplement the ERISA § 502(a) remedies were permitted, even if the elements of the state cause of action did not precisely duplicate the elements of an ERISA claim."). In other words, this argument is irrelevant to the determination of complete preemption.

*Third*, plaintiff grossly misrepresents the holding in *Radici v. Associated Insurance Companies*, 217 F.3d 737 (9th Cir. 2000). In *Radici*, the Ninth Circuit engaged in an in-depth analysis of the legislative history and congressional intent behind the COBRA amendments. *See id*. at 740–46. The court ultimately concluded that the COBRA amendments to the Public Health Services Act did *not* preempt state law. *Id.* at 745. In reaching this conclusion, the court focused on "a bevy of important distinctions between the PHSA and ERISA" including ERISA's "broadly-worded express preemption provision *that governs the COBRA provisions contained therein*." *Ibid.* Since the PHSA "nowhere mentions preemption," the court held that "the preemptive effect of ERISA does not create PHSA preemption." *Ibid.*

Given this clear language, plaintiff's assertion that *Radici* stands for the proposition that COBRA amendments *in ERISA* do not preempt state-law, and that *Radici* is "controlling and determinative of the issues raised here," is outrageous (Reply 7). The only comment made in *Radici* with respect to ERISA was that Congress disagreed with the holding in *Pilot Life Insurance v. Dedeaux*, 481 U.S. 41 (1987), that the *remedies* set forth in Section 502(a) were exclusive. In other words, Congress disagreed with the Supreme Court's decision "declin[ing] to fashion a Federal common law remedy for improper processing of [ERISA] benefit claims[.]"

7

*See Radici*, 217 F.3d at 743. This has nothing to do with whether preemption of the state-law claims was proper.

In sum, plaintiff could have brought this claim under Section 502(a) of ERISA. This satisfies the first requirement of *Davila*'s two-prong test for complete preemption.

### 2. PRONG TWO: INDEPENDENT LEGAL DUTY

Defendants must also show that "there is no other independent legal duty that is implicated by [the] defendant[s'] actions." *Marin General Hospital*, 582 F.3d at 946. In other words, this order must determine whether plaintiff's Section 2807 claim "relies on a legal duty that arises independently of ERISA" that "would exist whether or not an ERISA plan existed." *Id*. at 950.

While it is true that Section 2807 creates an independent legal duty to inform terminated employees of the state-sponsored HIPP program, that is not the conduct at issue here. As explained above, plaintiffs' state-law claim is predicated on "not being given notice of his rights *to continue and pay for his own insurance* as mandated by [S]ection 2807 of the California Labor Code" (Reply 5–6). These rights are *not* provided by state-sponsored HIPP program. Rather, the right "to continue and pay for [one's] own insurance" — at least in the context of this dispute — arises *directly* from the COBRA provisions of ERISA. As such, if an ERISA plan did not exist in this dispute, defendants would not have had any legal duty under California Labor Code Section 2807 to give plaintiff notice of his "rights to continue and pay for his own insurance."

For these reasons, the second requirement under *Davila* has been met.

\* \* \*

Complete preemption is an exception to the "well-pleaded complaint" rule in that "federal law displaces a plaintiff's state-law claim, no matter how carefully pleaded." *Gregory v. SCIE, LLC*, 317 F.3d 1050, 1052 (9th Cir. 2003). For the reasons set forth above, defendant's state-law

claim for violation of California Labor Code Section 2807 is subject to complete preemption by Section 502(a) of ERISA. As such, plaintiff's motion to remand is **DENIED**.[2]

**3. ATTORNEY'S FEES**

Since this order has determined that defendants' removal of this action was proper, plaintiff's motion for attorney's fees pursuant to 28 U.S.C. 1447(c) is **DENIED**.

## CONCLUSION

For the reasons stated herein, plaintiff's motion to remand is **DENIED**. Since defendants' removal was proper, plaintiff's motion for attorney's fees must also be **DENIED**. The hearing on these motions, scheduled for March 31, 2010, is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: March 26, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

[2] Since plaintiff's Section 2807 state-law claim is "recharacterized" as a federal claim, removal under 28 U.S.C. 1441 was proper, and supplemental jurisdiction may be exercised over the remaining state-law claims. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 23–24 (1983); 28 U.S.C. 1367.